UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE CREDIT ACCEPTANCE CORPORATION SECURITIES LITIGATION | Consolidated Master File No. 98-70417<br><br>Hon. Nancy G. Edmunds |

### EX PARTE MOTION FOR AN ORDER AUTHORIZING THE DISBURSEMENT OF THE NET SETTLEMENT FUND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Gerard Mantese (P34424)
Marc L. Newman (P51393)
MANTESE MILLER
AND SHEA, PLLC
1301 W. Long Lake Road
Suite 135
Troy, Michigan 48098
(248) 267-1200

Lionel Z. Glancy
Peter A. Binkow
GLANCY & BINKOW LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, California 90067
(310) 201-9150

Co-Lead Counsel for Plaintiffs

Andrew J. McGuiness (P42074)
DYKEMA GOSSETT PLLC
315 East Eisenhower Parkway
Suite 100
Ann Arbor, Michigan 48108
(734) 214-7614

Timothy A. Nelsen
Donna L. McDevitt
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM (Illinois)
333 West Wacker Drive
Suite 2100
Chicago, Illinois 60606
(312) 407-0700

Counsel for Defendants

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiffs hereby submit this motion to the Honorable Nancy G. Edmunds, United States District Court for the Eastern District of Michigan, for an Order:

> (1) Incorporating by reference the definitions set forth in the Stipulation of Settlement regarding the captioned case, filed June 4, 2001;

1

(2) Approving acceptance of the 145 late claims referenced in Exhibit C to the Affidavit of Brian Burke Regarding Distribution of Settlement Fund, filed concurrently herewith (the "Burke Affidavit");

(3) Approving payment to the Claims Administrator, The Garden City Group, in the amount of $60,748.69, to be paid from the Net Settlement Fund;

(4) Authorizing, at the direction of Co-Lead Counsel, Mantese, Miller & Shea PLLC, and Glancy & Binkow LLP, distribution of the balance of the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) on a *pro rata* basis to the Authorized Claimants identified in Exhibits B and C to the Burke Affidavit; and

(5) Finally and forever barring any Person from hereafter asserting any rejected or subsequently filed claims.

This Application is brought pursuant to the Local Rules of this Court, and is based on the attached memorandum of points and authorities in support thereof, the Declaration of Lionel Z. Glancy filed concurrently herewith, the Burke Affidavit filed concurrently herewith, and the Court's complete files and records in this Action.

Dated: November 8, 2002         MANTESE MILLER AND SHEA, P.L.L.C.

                                 /s/ Ann L. Miller
                                 _____
                                 Ann Miller, Esq.
                                 Marc L. Newman, Esq.
                                 1301 W. Long Lake Road
                                 Suite 135
                                 Troy, Michigan 48098
                                 Telephone: (248) 267-1200
                                 Facsimile: (248) 267-9551

                                 GLANCY & BINKOW LLP
                                 Lionel Z. Glancy, Esq.
                                 Peter A. Binkow, Esq.
                                 1801 Avenue of the Stars, Suite 311
                                 Los Angeles, California 90067
                                 Telephone: (310) 201-9150
                                 Facsimile: (310) 201-9160

                                 **Plaintiffs' Co-Lead Counsel**

RABIN & PECKEL LLP
Brian Murray, Esq.
275 Madison Avenue
34th Floor
New York, New York  10016
Telephone:  (212) 682-1818

THE LAW OFFICE OF LEO W. DESMOND
Leo W. Desmond, Esq.
2161 Palm Beach Lakes Blvd., Suite 204
West Palm Beach, Florida  33409
Telephone:  (561) 712-8000

BRAGAR WEXLER EAGEL &
MORGENSTERN,LLP
Paul Wexler, Esq.
900 Third Avenue, Twelfth Floor
New York, New York  10022
Telephone:  (212) 308-5858

OSTRAGER CHONG FLAHERTY &
   ONOFRIO, P.C.
Glenn F. Ostrager, Esq.
300 Park Avenue
New York, New York  10022
Telephone:  (212) 826-6565

BERSTEIN LIEBHARD & LIFSHITZ, LLP
Mel E. Lifshitz, Esq.
274 Madison Avenue
New York, New York  10016
Telephone:  (212) 779-1414

WEISS & YOURMAN
Joseph H. Weiss, Esq.
551 Fifth Avenue #1600
New York, New York  10176
Telephone:  (212) 682-3025

REINHARDT & ANDERSON
Mark Reinhardt
E-1000 First National Bank Building
332 Minnesota Street
Saint Paul, Minnesota  55101
Telephone:  (612) 227-9990

**Attorneys For Plaintiffs**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Action is a class action brought on behalf of investors in the common stock of Credit Acceptance Corporation ("Credit Acceptance") arising out of Credit Acceptance's October 22, 1997 announcement that it would record a $60 million pre-tax charge to increase its reserve for credit losses, plaintiffs alleged that the reserve for credit losses was understated during the period September 29, 1995 through October 22, 1997, and that as a result, Credit Acceptance's financial statements issued during that period did not accurately reflect Credit Acceptance's true financial condition and results of operations. Excluded from the Settlement are defendants, and present or former officers or directors of Credit Acceptance and/or any of its subsidiaries, members of defendants' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest. Also excluded from the Settlement are those Persons who timely and validly requested exclusion from the Settlement. The Consolidated Class Action Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, on behalf of plaintiffs and all persons (other than Defendants and certain persons or entities related to or affiliated with Defendants) who purchased or otherwise acquired common stock of defendant Credit Acceptance during the period August 14, 1995 through October 22, 1997 (the "Class Period").[1]

The Action was settled as to all Settling Defendants by the payment of the principal amount of $2,500,000 by the Settling Defendants for the benefit of the Settlement Class. The Settlement was approved by the Court by a Final Judgment and Order of Dismissal with Prejudice, dated September 24, 2001. Plaintiffs now seek to distribute the Net Settlement Fund, as defined below, to the Settlement Class.

---

[1] This Application incorporates by reference the definitions in the Stipulation of Settlement filed June 4, 2001.

1

## II. AMOUNTS PREVIOUSLY DEDUCTED FROM THE GROSS SETTLEMENT FUND

By Order dated September 24, 2001, this Court approved attorneys' fees and out-of-pocket litigation costs in the amount of $750,000 or 30% of the Settlement Fund, plus reimbursement of expenses in the amount of $121,193.13, together with interest earned thereon, for the same period and at the same rate as that earned on the Settlement Fund. The amount remaining after payment of attorneys' fees and costs is hereinafter referred to as the "Net Settlement Fund." The Net Settlement Fund has been, and remains, invested in an interest bearing account since its transfer to the Escrow Agent. As of September 30, 2002, this account had a balance of approximately $1,599,006.25.

## III. FINAL FEES AND EXPENSES TO BE DEDUCTED FROM THE SETTLEMENT FUND

Under §468B of the Internal Revenue Code, the Settlement Fund itself may be responsible for the payment of additional income tax on the income earned by the Settlement Fund – *i.e.*, income earned subsequent to deposits into the Settlement Fund. Any tax liability attaching to the Settlement Fund will be calculated immediately prior to distribution (in order to take account of interest as it continues to accrue on the Settlement Fund) and must be deducted from the Settlement Fund.

## IV. FEES AND EXPENSES TO BE PAID FROM THE SETTLEMENT FUND TO THE CLAIMS ADMINISTRATOR

The Claims Administrator for the Settlement, The Garden City Group, has an outstanding balance of $44,238.31 in fees and $16,510.38 in expenses, for a total of $60,748.69 in connection with claims administration for the Settlement. *See* Exhibit E to the Burke Affidavit.

The fees arise from the Claims Administrator's responsibilities including, but not limited to: (a) creating databases; (b) providing mailing services, printing labels, consolidating files and

2

generating lists of potential Settlement Class Members for the initial mailing; (c) processing claims; (d) conducting bank and broker solicitations for beneficial holders of Credit Acceptance securities; (e) managing distribution of notices to brokers, banks and beneficial holders on request; (f) providing telephone assistance to claimants; (g) calculating claims for ultimate distribution to Authorized Claimants; and (h) preparing income tax returns. Burke Affidavit, Exhibit E.

The Claims Administrator's outstanding expenses arise from its efforts to timely and adequately prepare and provide for distribution of the Settlement Fund to the Settlement Class. These out-of-pocket expenses include the costs of printing and mailing, as well as payments to banks, brokers and nominees for their time and expenses in providing the Claims Administrator with the names of their clients who purchased Credit Acceptance securities through them. *See generally*, Burke Affidavit.

## V. DISTRIBUTION OF THE NET SETTLEMENT FUND

Plaintiffs respectfully request that the Court authorize distribution of the Net Settlement Fund – the Settlement Fund less any further allowance for taxes, and payment of fees/costs owing, but not yet paid, to the Claims Administrator – to eligible Settlement Class Members, on a *pro rata* basis, as provided in the Notice sent to the Class in connection with the Settlement.[2]

If authorized by the Court, distribution will be made in accordance with the report of the Claims Administrator which provides, *inter alia*, the following: (1) a summary of the claims administration process; (2) a summary of loss calculations for authorized claims (Burke Affidavit, Exhibit B); (3) a summary of loss calculations for late but otherwise Authorized Claimants (Burke Affidavit, Exhibit C); and a summary of ineligible claimants (Burke Affidavit, Exhibit D). The report notes that 1,419 claim forms in total were received which included the following: 518 properly documented claims and 901 ineligible claims. Burke Affidavit, ¶4. The Recognized Claims arising from the timely and valid claims totals $37,193,240.41. *See* Burke

---

2  The "Notice" is the Notice of Pendency and Settlement of Class Action sent to Settlement Class Members at the direction of this Court in its Order Preliminarily Approving Settlement, Directing Notice and Summary Notice of Pendency and Settlement of Class Action, and Setting Hearing Date for Final Approval of Settlement Publication, dated June 4, 2001.

3

Affidavit, ¶11. Losses for the late, but otherwise valid, claims is $1,759,965.00. Burke Affidavit, ¶12. Total Recognized Claims, if the Court allows the late, but otherwise valid, claims are, therefore, $38,953,205.41.[3] Exhibit D to the Burke Affidavit is entitled "Ineligible Claimants" and lists the claims determined to be ineligible based on the Stipulation of Settlement and corresponding Plan of Allocation.

Exhibit A to the Burke Affidavit includes copies of letters sent to claimants as needed, including: (a) a "Deficiency Letter" sent to claimants whose claim included one of the deficiencies identified in the letter; (b) an "Ineligible Claim Letter" sent to claimants whose claim was determined to be ineligible for reasons stated in the letter; (c) a "Duplicate Claim Letter" for claimants submitting multiple claims; (d) an "Ineligible Transaction Letter" sent to claimants whose claim or partial claim was disallowed for the reasons stated in the letter; and (e) a "No Loss Letter" sent to claimants whose claim resulted in no loss under the terms and conditions of the Stipulation.

## VI. CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court approve and enter the Proposed Order submitted herewith.

Dated: November 8, 2002

MANTESE MILLER AND SHEA, P.L.L.C.

*/s/ Ann Miller/*

Ann Miller, Esq.
Marc L. Newman, Esq.
1301 W. Long Lake Road, Suite 135
Troy, Michigan 48098
Telephone: (248) 267-1200
Facsimile: (248) 267-9551

GLANCY & BINKOW LLP
Lionel Z. Glancy, Esq.
Peter A. Binkow, Esq.
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

---

3  As set forth in the accompanying Declaration of Lionel Z. Glancy, Lead Counsel is asking the Court to allow the late, but otherwise valid, claims, in the interests of equity. *See*, Glancy Declaration, ¶11.

4

**Plaintiffs' Co-Lead Counsel**

RABIN & PECKEL LLP
Brian Murray, Esq.
275 Madison Avenue
34th Floor
New York, New York  10016
Telephone:  (212) 682-1818

THE LAW OFFICE OF LEO W. DESMOND
Leo W. Desmond, Esq.
2161 Palm Beach Lakes Blvd., Suite 204
West Palm Beach, Florida  33409
Telephone:  (561) 712-8000

BRAGAR WEXLER EAGEL &
MORGENSTERN, LLP
Paul Wexler, Esq.
900 Third Avenue, Twelfth Floor
New York, New York  10022
Telephone:  (212) 308-5858

OSTRAGER CHONG FLAHERTY &
   ONOFRIO, P.C.
Glenn F. Ostrager, Esq.
300 Park Avenue
New York, New York  10022
Telephone:  (212) 826-6565

BERSTEIN LIEBHARD & LIFSHITZ, LLP
Mel E. Lifshitz, Esq.
274 Madison Avenue
New York, New York  10016
Telephone:  (212) 779-1414

WEISS & YOURMAN
Joseph H. Weiss, Esq.
551 Fifth Avenue #1600
New York, New York  10176
Telephone:  (212) 682-3025

REINHARDT & ANDERSON
Mark Reinhardt
E-1000 First National Bank Building
332 Minnesota Street
Saint Paul, Minnesota  55101
Telephone:  (612) 227-9990

**Attorneys For Plaintiffs**